Decided 15th March, 1872.

---

JESSE WALTER *vs.* THE COUNTY COMMISSIONERS OF WICOMICO COUNTY.

*Construction of Act of* 1868, *ch.* 50, *incorporating the County Commissioners of Wicomico County— Nuisance—Continuance of Nuisance when erected by another—Powers of County Commissioners as to Highways—Practice.*

If one in possession erect a nuisance, his successor is not liable, unless he either fails, after request, to remove it, or does some act to continue it.

To constitute a continuance of a nuisance erected by another, there must be some active participation in the continuance of it, or some positive act evidencing its adoption.

There is nothing in the Act (1868, ch. 50,) incorporating the County Commissioners of Wicomico county, which renders them the successors of the Commissioners of Somerset county in any sense which can charge them with liability for tortious acts of the latter.

It is the right and duty of County Commissioners in Maryland to make necessary and proper repairs upon the highways, and when such repairs are judiciously and reasonably done, the Commissioners are exempt from liability for consequential damages.

It is error to enter a final judgment, after demurrer overruled to a plea, when there are pending issues upon other pleas.

APPEAL from the Circuit Court for Worcester County. The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, BOWIE, GRASON, ALVEY and ROBINSON, J.

*J. W. Crisfield* and *Isaac D. Jones,* for the appellant.

The appellees are the successors of the Commissioners of Somerset county, and are subjected to all their duties and obligations. *Act* 1868, *ch.* 50.

It is the duty of one who erects a nuisance to abate it. The Commissioners of Somerset county were bound to remove the nuisance placed in the stream by them; if then, their successors, with the duty and knowledge charged, neglected to remove it, and permit the water to flow, it is a continuance of the nuisance, and subjects them to damages for all consequential injuries.

A person who takes premises, upon which a nuisance exists, and continues it, takes them subject to all restrictions imposed on his predecessors. An action on the case lies against one erecting a nuisance, and one continuing a nuisance erected by another. Every continuance of a nuisance makes it a fresh one. *Salmon vs. Bensley,* 21 *E. C. L. R.,* 414; *Brent vs. Haddon, Cro. Jac.,* 555; *Ryppon vs. Bowles, Cro. Jac.,* 373; *Same vs. Barwish, Cro. Jac.,* 231; *Staple vs. Spring,* 10 *Mass.,* 72; *Plumer vs. Harper,* 3 *New Hamp.,* 88; *Moore vs. Browne, Dyer,* 319.

An easement for a highway is more or less absolute, according to the terms of the grant or dedication. It may be conceded, with or without condition, absolutely or only partially, and the public must take *secundum formam doni.* And where a dedication or grant is inferred from the user, it must be limited by it. *Woolrych on Ways,* 14; *Marquis of Stafford vs. Coyney,* 7 *Barn. & Cress.,* 257, (14 *Eng. C. L. R.,* 39;) *Davies vs. Stephens,* 7 *Car. & Payne,* 570, (32 *E. C. L. R.,* 634.) This is the common law doctrine, and there is no statute of

this State abrogating it, or forbidding the public to accept an easement for a highway on condition.  *Code, Art.* 28; *Day vs. Allender,* 22 *Md.,* 527, 528.

The final judgment was entered for the defendants improvidently and erroneously.  To the first, second and fourth counts the defendants pleaded eighteen pleas; the first three to all of the said counts, the remaining fifteen to the fourth count only.  The plaintiff joined issue on all these pleas, except the thirteenth, fifteenth and seventeenth, to which he demurred.  The Court sustained the demurrer, and the case went to trial on the issues of fact, and the verdict was for the plaintiff.  On the motion of the defendants the Court ordered a new trial.  The defendants, then, on leave of the Court, filed their "additional plea" to the fourth count; the pleas already in, on which issues were made up, were not withdrawn, and the filing of the additional plea is not a withdrawal of those pleas.  *Gardiner vs. Miles,* 5 *Gill,* 94.  They remained without change, and the plaintiff was entitled to have them tried by the jury.  To the "additional plea" to the fourth count, the plaintiff demurred.  The Court overruled the demurrer, and immediately proceeded to render final judgment without noticing the issues of fact already framed, and which were never withdrawn or waived.  This unquestionably was erroneous.  *Smith vs. Wood,* 31 *Md.,* 301; *Horner vs. O'Laughlin,* 29 *Md.,* 470.

*John H. Handy,* for the appellees.

The appellees are not tenants, nor alienees; there is no privity whatever between them and the County Commissioners of Somerset; they are not the successors of these Commissioners; they are a corporation created independently, with the powers conferred, not devolved, on them of all the other County Commissioners in the State.  They succeed to neither the sins nor the virtues of the Board who erected the nuisance; their powers and duties are original, conferred on them *de novo.*  They are liable, if at all, then, under the

pleadings, because of some general duty imposed on them by their official capacity. But had they been the successors of the County Commissioners of Somerset, they could not be held without notice and demand to remove. 1 *Hilliard on Torts*, p. 574, sec. 16c.; *Morris Co. vs. Ryerson*, 3 *Dutch.*, 457; *Pickett vs. Condon*, 18 *Md.*, 412; *Caldwell vs. Gale*, 11 *Mich.*, 77; *McDonough vs. Gilman*, 3 *Allen*, 264; *Hughes vs. Mung*, 3 *H. & McH.*, 441.

There is no averment that the dam was older than the highway, and no facts averred from which it must be necessarily inferred.

But supposing there was such an averment, could the original donor encumber the highway with such an easement across and on it as the plaintiff claims? It is contended he could not. Moreover, the *nar.* avers that the road is a highway. But, if the donor had charged the donation with such an easement, it would have been void as a dedication, as a highway, and have been only a license revocable. *Angell on Highways*, secs. 140, 141; *Poole vs. Huskinson*, 11 *M. & W.*, 827.

In the exercise of their legitimate powers, the County Commissioners may open new roads or alter old ones. Had the land below the plaintiff's mill been in the original owner, and application made to lay out and locate a public road across it, just in the place where this road runs, there can be no doubt of the powers of the County Commissioners to so locate and open it, notwithstanding it might be necessary to entirely destroy the plaintiff's mill rights. Yet the plaintiff could get no compensation, much less damages.

The County Commissioners would be indictable if they permitted such a nuisance to exist on the public highway unabated. The loss of the appellant is *damnum absque injuria*. *Ely vs. Rochester*, 26 *Barb.*, 133; *White vs. Yazoo*, 27 *Miss.*, 357; *Dermont vs. Detroit*, 4 *Mich.*, 435; *St. Louis vs. Gurno*, 12 *Mis.*, 414; *Lambar vs. St. Louis*, 15 *Mis.*, 610; *St. John vs. New York*, 6 *Duer*, 315; *Commonwealth vs. Upton*, 6 *Gray*, 475; 1 *Hilliard on Torts*, ch. 19, sec. 19, p. 579, *note*

(a;) *James vs. Hayward, Cro. Car.*, 184; *Angell on Highways*, sec. 223, *note* 2.

The Court below did not err in rendering judgment on the demurrer of the plaintiff to the additional plea, whilst the issues of fact framed on the first, second and other issues on the pleas to the fourth count, were still untried and unwithdrawn.

The plaintiff did not object to the entry of the judgment, nor dispute the jurisdiction of the Court below to render such judgment. The point was not made below, and therefore cannot be raised here. *O'Brien vs. Hardy*, 3 *H. & J.*, 434.

BRENT, J., delivered the opinion of the Court.

This is an action brought against the Commissioners of Wicomico county to recover consequential damages for injury to the appellant's mills and dam from back water, occasioned by obstructions placed in the stream below the mills.

The principal questions arise upon demurrer, and involve the validity of the third count in the declaration, and the defendants' additional plea to the fourth count.

The third count charges that a public highway passed over and across the bed of the stream or water course below the dam and mills of the plaintiff, over which highway the waters of the said water course, after supplying the said mills, was accustomed to run and flow, and of right ought to run and flow, without obstruction, for the convenience, use and benefit of said mills, and for the protection and safety of said dam; that both mills and dam and public highway were in Somerset county, and so being in Somerset county, the commissioners of said county on the 10th day of June, 1864, &c., wrongfully, illegally and injuriously erected the obstructions complained of upon and across the bed of the said stream, &c., in the said highway; that afterwards that portion of Somerset county in which the premises were located became a part of Wicomico county, which was created after the obstructions were erected; that the defendants were afterwards cre-

ated a corporation by law, entitled to all the powers and charged to perform all the duties conferred by law upon the County Commissioners in the several counties of the State, and by reason thereof "it became and was the duty of the defendants to remove said obstructions so as aforesaid put and erected in the bed of the said water-course at the said highway, but the defendants well knowing the premises, have wholly neglected to remove the said obstructions, and permit the water of the said stream to flow freely from and below, &c.; wherefore the plaintiff during all that time, &c."

While the demurrer admits the facts stated in this count, it does not admit the legal conclusion to be drawn from them. Whether it became and was the duty of the defendants to remove the obstructions which had been erected by the Commissioners of Somerset county is a question of law to be determined from the facts alleged, and is not a matter confessed by the demurrer. Nor is it to be taken as admitted, that the law creating them a corporation with the powers and duties conferred upon the commissioners of the several counties imposed upon them this duty.

It is said in the brief of the appellant, if one in possession erect a nuisance, his successor is not liable, unless his conduct amount to a continuance, and if no act of continuance be shown, there must be notice to remove, and neglect or refusal to remove before action. We entirely concur in this statement of the law, and think it is fully sustained by the authorities. Before an action can be maintained against a party who has not erected the nuisance, it must be established that he either failed, *after request*, to remove it, or has done some act to continue it. If one or the other averment is not contained in the declaration, it is as fatal upon demurrer to the maintenance of the action, as would be the omission to prove it upon the trial.

As it is insisted that this count of the declaration contains a sufficient averment of the continuance of the nuisance by the defendants, it is important to see what it is that will con-

stitute, in contemplation of law, the continuance of a nuisance. In *Moore vs. Browne, Dyer,* 319, (*p.* 17,) the action was for diverting the water from a conduit pipe. The husband during his life had committed the wrong by attaching a smaller pipe to the main, thereby diverting the water to his house. After his death, the defendant, who was his wife, continued in possession of the house, and used the water by means of a stop-cock which had been attached to the pipe at the time of its erection. Upon the case being carried up before the Judges in *banc,* it was held that the action could be maintained as the defendant had used the water, and thereby adopted the wrongful act of him who had erected the nuisance. In *Beswick vs. Cunden, Cro. Eliz.,* 402, where the action was for the continuance of a nuisance, it was held that it could not be maintained, because the defendant had done no act to continue the nuisance after the title of the plaintiff had been acquired. In *Hughes vs. Mung,* 3 *H. & McH.,* 441, the action was for diverting a water-course. The obstructions had been erected by the father of the defendant, and the latter, after his acquisition of title to the land, used the stream of water in the channel, to which it had been diverted, by watering his stock therein, by enclosing it within his fences, and by throwing the water occasionally upon his meadow. The Court below were of opinion, and it was affirmed by the Court of Appeals, "that an action will lie for the diversion of the water-course against the person who diverted it, and against any person who keeps up the obstruction which changed the water-course; but no adventitious, accidental advantages derived from the use of the water running in its present course will amount to a *continuance of the nuisance, without some act done by the defendant to keep up the obstructions* occasioning the diverting of the course of the stream, and that the action could not be maintained without showing those acts were done since the title of the plaintiffs accrued to their lands." In *McDonough vs. Gilman,* 3 *Allen,* 264, where there was no act done contributing to the continuance of the

nuisance, it was held that the action could not be maintained, because there had been no sufficient request made to remove it. And the same was held by this Court in *Pickett and Wife vs. Condon,* 18 *Md.,* 418.

From these authorities, and we believe there is not a single one to the contrary, it is very clear, that a failure to remove a nuisance, erected by another, does not alone constitute a continuance of it. There must be some active participation in the continuance of it, or some positive act done evidencing its adoption. As argued by the counsel for the appellees, the rule is, not that the nuisance continues, but that *the person continues it.* A number of authorities have been cited by the appellant to support the doctrine that " every continuance of a nuisance makes it a fresh one." The rule is unquestionably so, and adds strength to the view we have just expressed. The continuance referred to in those cases is by some act of user or otherwise as distinguished from passiveness and a mere failure to remove.

We find nothing in this count, which alleges, even by way of inference, that any act has been done on the part of the defendants contributing to the continuance of the nuisance complained of. On the contrary any such act is negatived by the averments it contains. After setting forth that the defendants were created a corporation by law, &c., it is averred, " and thereupon it became and was the duty of the defendants to remove, &c." That is *eo instanti* of their creation they became liable in this action to the plaintiff.

We think by a true construction of the averments of this count, the liability of the defendents is placed upon the ground, that the duty of removing the nuisance, complained of, devolved upon them by the terms of the law creating them a corporation and clothing them with certain powers and the performance of certain duties. This special duty is certainly not required of them by any provision of the law, nor can we find it among any general powers and duties, which they are required to perform. They are not the successors of the

commissioners of Somerset county in any sense, which can charge them with a liability for any tortious act which those commissioners may have committed, or which can require them to remove any nuisance they may have erected. They are a new and independent corporation, placed upon an equality with the other County Commissioners of the several counties of the State, clothed with the same powers and charged with the same duties for the protection of the property and rights committed to their care as public trustees. If they are responsible at all in this action it must be under the general rules of law, which prohibit the erection of a nuisance, or which hold a party responsible for continuing it, if it has been erected by another, or for failing to remove it after request. As no one of these averments is contained in the count demurred to, we think it was fatally defective, and that the Court was right in sustaining the demurrer.

The fourth count is similar to the third, except that it contains an allegation that the defendants " wrongfully and injuriously continued, maintained and used" the obstructions erected in the highway by the County Commissioners of Somerset. To this count the defendants pleaded, as an additional plea, that the erections " complained of by said plaintiff in said count, were reasonable and necessary improvements, and were useful and beneficial to the said highway, and were constructed with ordinary care and skill; and that they were maintained, continued and used by the defendants with like ordinary skill and care, and without malice, and in such manner only as was necessary to keep said highway in good order and condition for the public use. And, &c." The sufficiency of this plea is raised by demurrer. We do not think it necessary to examine the law, which has been referred to in the argument, as to the different modes by which highways may be established. It is sufficient to say that the declaration charges that the obstructions complained of were placed in a public highway by the commissioners of Somerset county, and the demurrer to the plea admits that

they were necessary for the beneficial use of the road, appropriate for that purpose and skilfully and honestly placed there. It is one of the duties imposed upon the County Commissioners to keep the public highways in order, and where this duty is discharged skilfully and honestly, and the improvements made are reasonable and necessary, although a private party may be injured thereby, it is *damnum absque injuria.* The law in regard to this question was carefully examined in the case of *Tyson vs. The Commissioners of Baltimore County,* 28 *Md.,* 510. This Court there held, "that if, by a reasonable or necessary improvement to a highway, a party suffers consequential damage, it is *damnum absque injuria,* and no right of action accrues to him." This doctrine rests upon the general principle "that individual rights must be held and enjoyed in subordination to those of the public." The allegation that the water was accustomed to flow over the public highway at the point where it is charged these obstructions were placed, even if proved, would not strengthen the case of the plaintiff. If it subjected the public to inconvenience and injury, it would in itself be a nuisance for which no right by prescription or otherwise can exist. In the case just referred to, the Court say "the duty of the County Commissioners was to keep the highway in good order and condition for the use of the public, and this duty required them to adopt the necessary means to prevent it from being overflowed by water. They would not be justified in the neglect of this duty merely because the natural flow of water had been allowed, for an indefinite period, to submerge the highway, to the inconvenience and detriment of the public." And further on, "the plaintiff could not lawfully claim the right to cause the public highway to be overflowed, nor deny to the defendants the use of the means necessary for its preservation." These general principles were announced in this case as applicable to the public highways in this State, which are placed by the law under the care and management of the commissioners of the several counties.

Although some of the peculiar circumstances of that case were referred to in the opinion of the Court, it is very clear the decision did not rest upon them. The case was decided upon the broad doctrine of the right and duty of the Commissioners to make the necessary and proper repairs upon the public highways, and when reasonably and judiciously done, their exemption from any action for consequential damages. We think the plea in question was a sufficient answer to this count in the declaration, and that the demurrer to it was properly overruled.

It was stated at the argument by the appellees' counsel, that it was understood at the trial if the demurrer to this plea was overruled by the Court, that judgment should be entered for the defendant. We are confined to the record in the case, and as no such agreement appears in it, we feel bound to notice the objection made to the judgment below, upon the ground that there are issues of fact still open and undecided. This appears to be so. There are two other counts in the declaration to which several pleas have been filed, and upon which issues are joined. In this condition of the case the judgment must be reversed, as it was error in the Court to enter a final judgment, after demurrer overruled to a plea, when there were pending issues upon other pleas filed to other counts in the declaration.

*Judgment reversed and leave
to have a new trial, if the
appellant so elects.*

(Decided 15th March, 1872.)