## JOSEPH GUEST *vs.* THE COMMISSIONERS OF CHURCH HILL, A CORPORATION.

*Municipal Corporations—Drains Causing Overflow of Abutting Land —Notice to Abate Nuisance—Venue of Action.*

When a municipal corporation, by a change in the grade of streets and the construction of drains, diverts the surface-water from its natural flow, concentrates it in volume, and throws it upon the land of an abutting owner, such action is an invasion of the adjoining property and the municipality is liable for the injury thereby caused.

In such case it makes no difference whether the drains were constructed negligently or not.

In an action against the original creator of a nuisance, notice of the injury thereby caused is not necessary before bringing suit.

When a declaration for an injury caused by wrongfully overflowing plaintiff's land shows that the land was situated in a certain county and the declaration is entitled in the Circuit Court for that county, the venue is sufficiently stated.

Appeal from the Circuit Court for Queen Anne's County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*James P. Gorter* (with whom were *Hope H. Barroll* and *Thomas J. Keating* on the brief), for the appellant.

The case of *Hitchens Bros.* v. *Frostburg,* 68 Md. 100, an the opinion of JUDGE ALVEY in *Cumberland* v. *Willison,* 50

Md. 138, show the right of the appellant to recover in the case at bar. A municipal corporation has no right to divert surface-water, collect it in a body and discharge it upon the land of an adjoining owner. *Elliott on Roads and Streets,* 340, 363; *Jones on Negligence of Municipal Corporations,* sec. 143; *Burford* v. *Grand Rapids,* 53 Mich. 98.

*Edwin H. Brown,* for the appellee, submitted the cause on his brief.

Having authority from the Legislature to grade, drain, etc., the streets, a municipal corporation is only liable to respond in damages where such works have been executed *negligently. Mayor, etc.,* v. *Willison,* 50 Md. 144; *Hitchens* v. *Mayor of Frostburg,* 68 Md. 114; *Mayor of Frostburg* v. *Hitchens,* 70 Md. 57; *Town of Union* v. *Durkes,* 9 Vroom, 21.

Was the damage here caused by the act of the commissioners? If so, the act causing the damage should be characterized in the pleading as a negligent act. Or was the damage caused by some omission? If the latter, it should be stated what the omission was, and that it was negligent omission. How otherwise is a Court to determine that the omission was of something in respect to which *a legal duty lay upon the defendant* and in favor of the plaintiff, not to omit the act. *Brown* v. *Mallett,* 5 Man, Granger & Scott, 598.

It will be noticed further, that there is no venue laid in the margin. In the 1st and 3rd counts there is a venue laid in the body of the two counts, but none in this 2nd count, and there being none in the margin to which the facts alleged in the count can be referred, it is fatal on demurrer *County Commissioners of Calvert* v. *Gibson,* 36 Md. 229; *1st Chitty on Pleading,* 568.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant, who is the owner of an improved lot of ground abutting on a public street in the town of Church Hill, sued the appellee for so changing the grade of the

streets of the town as to divert its natural drainage and collect from other parts of the town and discharge upon his lot large quantities of water, filth and dirt.

The declaration filed in the case contained four counts. The first and fourth counts averred in substance that formerly only a small quantity of water drained upon and over the appellant's lot, but the appellee had recently changed the grade of its streets and diverted their natural drainage to such an extent as to collect into artificial drains and gutters and throw upon the lot 90 per cent of the drainage of the entire town, composed of water, mud and filth. These two counts also contained an affirmative allegation that the work of grading the streets and constructing the drains and gutters had been negligently and unskillfully done by the appellee.

The second and third counts do not allege that the work upon the streets had been negligently or unskillfully done. The gravamen of the second is that by the change of grade in the streets the natural drainage of the surface-water of the town was so diverted as to throw much larger quantities thereof on the appellant's lot than formerly fell thereon. The grievance alleged by the third was that the change made by the appellee in the grade and draining of the streets diverted from their natural flow and collected from other parts of the town large quantities of water, dirt and filth and caused them to accumulate in the street in front of the appellant's lot to such an extent as to create a nuisance, for the removal of which the appellee made no provision.

The appellee joined issue on the first and fourth counts and demurred to the second and third. The Court below sustained the demurrer. The case went to trial on the issue joined and, the appellant failing to prove negligence on the part of appellee in executing the work in question, the verdict and judgment were for the defendant and the plaintiff appealed. The appeal therefore brings up for review the action of the Circuit Court in sustaining the demurrer to the second and third counts of the declaration, which for the

sake of greater clearness we here insert in full. They are as follows :

2. And for that the defendant, for a long time heretofore, has used the lot of the plaintiff in Church Hill against the protest of the plaintiff, as a common drain or sewer for the town, and by draining its streets in a manner different from the way in which the same formerly naturally drained, a much larger force of water now falls upon the said lot of the plaintiff than formerly fell thereon, and the plaintiff has laid out and expended large sums of money in repairing and erecting foundations, walls and piers to avoid and to repair damage constantly caused by this act of the defendant, and the defendant by the exercise of care and diligence could have prevented this damage which the plaintiff has in the past sustained and now sustains by reason of the improper subjection of the plaintiff's land to the uses and purposes of the defendant.

3. And for that the plaintiff is the owner of a certain lot of land lying on the westerly side of the road or street leading through the town of Church Hill, in Queen Anne's County, to Centreville, which said lot of land is improved by a blacksmith and wheelwright shop, the same forming a valuable property, and through and over and on said lot of land of the plaintiff only a small amount of surface-water formerly drained ; and the waters from the center of said town never passed over or drained upon or through the plaintiff's lot, but the defendant, by changing the former natural drain of the streets and lots of said town, and by cutting down a hill which formerly prevented such waters as stood in other parts of the town from flowing through the plaintiff's lot, which said changes so made in grading and levelling said town caused large bodies of water, filth and dirt to accumulate in the road and street in front of the plaintiff's said lot, at times from six inches to two feet in depth, which said water, filth and dirt were forced in plaintiff's house, and over and upon his lot of land, and although it was the duty of the defendant, under its charter, to remove

and provide for the removal of such an obstruction and nuisance as this body of water, filth and dirt at its own expense, yet the defendant wholly disregarded its duty in this respect, whereby plaintiff suffered great loss and damage.

It does not appear from the record what corporate powers were granted to the appellee by the Legislature, but as the case was argued upon the theory that it had adequate power to change the grade of its streets at discretion, we will assume such to be the fact.

The powers and responsibilities of municipal corporations in dealing with the surface-water and drainage have been the subject of frequent discussion in the Courts and the resulting decisions have not been altogether harmonious.

All of the authorities agree that such a corporation, having proper legislative authority for that purpose, may from time to time at its discretion change the grade of its streets and it will not be liable for incidental or consequential injury to abutting lands resulting therefrom whether arising from surface-water or from the change in elevation of the lot with reference to the bed of the street. In such cases, if the work be done with care so as to avoid unnecessary injury to adjacent property, *and there be no invasion of such property*, its owners must suffer the injury resulting from the work thus done to promote the public welfare. *Mayor, &c. of Cumberland v. Willison*, 50 Md. 147–8; *Kelly v. Mayor, &c., of Baltimore*, 65 Md. 171; *O'Brien v. Belt R. R. Co.*, 74 Md. 373–4; *Mayor, &c., of Baltimore v. Cowen & Murray, Receivers*, 88 Md. 456.

If, however, by the elevation and improvement of its streets and the construction of artificial gutters and drains a municipal corporation divert the surface-water of a considerable territory from its natural flow and throw it upon an abutting lot or collect it in volume on the street in front of the lot whence it cannot escape except by flowing over the lot, the better authorities agree that such action amounts to an invasion of the premises and renders the corporation liable for the injury caused thereby. *Seifert* v.

*Brooklyn*, 101 N. Y. 136, *Byrnes* v. *City of Cohoes*, 67 N. Y. 207; *Noonan* v. *City of Albany*, 79 N. Y. 475; *Field* v. *West Orange*, 36 N. J. Eq. 118; *O'Brien* v. *St. Paul*, 25 Minn. 333; *Ashley* v. *Port Huron*, 35 Mich. 296; *Patoka Township* v. *Hopkins*, 131 Ind. 142; *Dillon on Municipal Corporations*, sections 1051–2.

The liability of the corporation in such cases does not arise from negligence in doing the work upon the streets or gutters. The injury is regarded as the direct result of the corporate act which is in the nature of a trespass by the corporation upon the occupation and enjoyment of the premises by their owner. In *Pumpelly* v. *Green Bay Canal Co.*, 13 Wall. 166, it was held that the overflowing of the lands of an individual with water by the public authorities for public benefit, under statutes authorizing it to be done, is such a taking of the land for public use as demands compensation under the constitutional provision that private property shall not be taken for public use without just compensation. JUDGE COOLEY in *Ashley* v. *Port Huron, supra,* says, that the property right of a private individual in his land, is as much appropriated by pouring upon it a flood of water as by an actual taking of it for streets or buildings.

This Court has followed the doctrine announced in the cases which we have cited. In *Hitchens* v. *The Mayor, &c., of Frostburg,* 68 Md. 113, the Court, after a full review of the subject, say, " If, then, it be true, as it clearly is upon unquestioned authority, that the corporation cannot thus divert the flow of surface-water, concentrate it in volume and empty it upon private property without becoming liable, it must follow that there is a duty incumbent upon the corporation to provide by adequate means for passing off the water thus concentrated in volume so as to avoid doing damage to private property. * * * For, as was said by the Court of Appeals of New York in the case of *Noonan* v. *The City of Albany,* 79 N. Y. 470, a municipal corporation has no greater right than an individual to collect the surface-water from its lands or streets into an arti-

ficial channel and discharge it upon the land of another nor has it any immunity from legal responsibility for creating or maintaining a nuisance."

In *Hitchens' case* no negligence on the part of the city was alleged in changing the grade of the streets or in constructing the drains or gutters by means of which the surface-water was diverted from other localities and collected in front of the plaintiff's premises whence it overflowed his property. There was negligence alleged in failing to construct a sufficient culvert to carry off the water from in front of the plaintiff's premises. The Court held the city to be liable because the collecting of the water in front of the plaintiff's lot " constituted a nuisance and, as such, it was certainly the duty of the defendant to remove it," and it failed to discharge that duty. The city was as clearly liable for creating the nuisance as it was for maintaining or failing to remove it. See also *Mayor, &c., of Baltimore* v. *Merryman*, 86 Md. 592.

If in the present case the appellant can prove the allegations contained in the two counts which were demurred to, he is, under the authorities which we have cited, entitled to recover for the injury done to his property. The demurrer should therefore have been overruled.

The appellee also contended that the two counts demurred to were bad because they did not aver that the appellee had knowledge or notice of the injury complained of. If a person, who has not constructed a work which is a nuisance or causes damage, comes into possession of it he is entitled to knowledge or notice of its injurious character and an opportunity to abate it before he can be held liable, but the original wrongdoer is not entitled to any notice before being sued for the injury caused by his own act. *Met. Savings Bank* v. *Manion*, 87 Md. 68; *Eastman* v. *Amoskeag Manufacturing Co.*, 44 N. H. 144; *Lion* v. *Balto. City Pass. R. R. Co.*, ante p. 266. In the present case appellee being the original wrongdoer was not entitled to notice.

Neither are the counts in question bad because no venue is laid in them. The suit is entitled in the Circuit Court for Queen Anne's County and in the first and third counts the town of Church Hill where the facts constituting the cause of action occurred is stated to be in Queen Anne's County. The body of the declaration distinctly shows that the place where the injury was done lies in Queen Anne's County and that sufficiently discloses the venue. *County Commissioners of Harford County* v. *Wise*, 71 Md. 57.

The order sustaining the demurrer will be reversed with costs and the cause remanded for a new trial.

> *Judgment reversed and cause remanded.*

(Decided February 15th, 1900).