HENRY F. WINGERT AND WILLIAM WINGERT,
ADMINISTRATORS, ETC.,

*vs.*

STATE OF MARYLAND.

*Orphans' courts: limited jurisdiction; bound by decisions of*
*circuit court; no power to review. Injunctions: party*
*with notice bound, although service defective.*

Where a Circuit Court had enjoined the collection of the
inheritance tax upon certain pieces of property, and the admin-
istrators had knowledge of the terms of the decree, they were
bound to obey it, whether it was actually served on them or
not; and while such decree remains in force the Orphans' Court
has no authority to compel the administrators to proceed to
collect the tax in defiance of the mandate of the Circuit Court.
p. 249

Where a party has actual notice of an injunction, clearly in-
forming him from what he must abstain, he is bound by it from
that time, and he will be punished for a violation thereof,
although it may not have been served or may have been defec-
tively served upon him. p. 248

Orphans' Courts of this State are not only limited, but are
expressly prohibited, by statute, from exercising any powers not
expressly granted them. p. 249

The Orphans' Courts are not authorized to review the deci-
sions of the Circuit Court. p. 249

Where the court had jurisdiction, the fact that an order of injunction is merely erroneous or was improperly granted or irregularly obtained is no excuse for violating it, and the remedy in such a case is by appeal or writ of error.    pp. 249-250

*Decided January 29th, 1918.*

Appeal from the Orphans' Court of Washington County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*H. F. Wingert* and *Harvey R. Spressard* (with whom was *Miller Wingert,* on the brief), for the appellants.

*Albert C. Ritchie, the Attorney General,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

P. Hager Wingert, of Washington County, Maryland, died intestate in July, 1913, leaving as his only heirs at law four brothers and two sisters, and Henry F. Wingert and William Wingert, two of his brothers, were appointed by the Orphans' Court of Washington County administrators of his estate. At the time of his death the deceased and his brothers and sisters owned as tenants in common a number of parcels of real estate in Washington County, and appraisers were appointed by the Orphans' Court to appraise his interest therein for the purpose of ascertaining the amount of the collateral inheritance tax due the State. On the 5th of August, 1914, the administrators returned an inventory and appraisement of six parcels of real estate, but the Orphans' Court declined to accept it "as a true inventory and correct

valuation of the real estate left by the deceased," and after requiring the administrators to show cause why "an additional and amended inventory and appraisement" should not be returned, the Court, on the 30th day of October, 1914, passed an order requiring the administrators to withdraw the inventory returned on the 5th of August, and to nominate two other qualified persons to appraise the real estate, and directing that there should be included in the inventory and appraisement six parcels of real estate of which Eliza J. Wingert, the mother of P. Hager Wingert, died seized and possessed. On appeal from that order this Court held in 125 Maryland, 536, that, while the Orphans' Court had authority to require an amended and additional inventory, and to remove appraisers upon proof of "incompetency, neglect of duty, or unfaithful conduct, injurious to the interest of the estate," it could not require "the nomination for appointment" of two other persons as appraisers without having removed the appraisers previously appointed, and the order was accordingly reversed in part and affirmed in part. Thereafter the Orphans' Court removed the appraisers first appointed, and its order to that effect was approved by this Court in 127 Maryland, 80. New appraisers were appointed, and another inventory and appraisement of the real estate of the deceased, including the six parcels of which Eliza J. Wingert died seized and possessed, was returned to the Orphans' Court. The brothers and sisters of the deceased filed exceptions to this inventory and appraisement on the ground that in arriving at the value of the estate of the deceased the appraisers, instead of appraising his undivided one-seventh interest therein, appraised each parcel of the real estate and then appraised his interest at one-seventh of the appraised value thereof. The Orphans' Court overruled the exceptions and this Court affirmed its action in 129 Maryland, 28.

In the first case it was contended by the administrators that P. Hager Wingert had no interest in the six parcels

of real estate that stood in the name of their mother, Eliza J. Wingert, deceased; that those properties had been purchased and paid for by the brothers and sisters of P. Hager Wingert and conveyed to their mother as a matter of convenience, and that she held them in trust for them, but this Court held that as the Orphans' Court was without jurisdiction to determine questions of title to real estate the Court below properly declined to consider that question. After the second inventory and appraisement, including the six parcels of real estate that stood in the name of Eliza J. Wingert, was returned to the Orphans' Court, all of the heirs-at-law of P. Hager Wingert, except the administrators, on the 12th day of July, 1916, filed a bill of complaint in the Circuit Court for Washington County against the administrators and the State of Maryland in which they alleged that P. Hager Wingert at the time of his death had no interest in the six parcels of real estate referred to, and that the deceased had no record title to another property described in the inventory and appraisement as the "Property N. E. Cor. N. Pot. St. & East Ave." and appraised at $20,000.00, and prayed for an injunction restraining the administrators from collecting the tax thereon. On the 29th of August, 1917, the Circuit Court passed a decree perpetually enjoining the administrators and the State of Maryland "from enforcing the collection of the collateral inheritance tax upon the properties mentioned" in the fourth paragraph of the bill, which stood in the name of the mother of the deceased, "and from taking any proceedings at law to enforce or collect the same," and dissolving the preliminary injunction as to the property described as the northeast corner of North Potomac Street and East Avenue.

On the 7th of September, 1917, the Orphans' Court passed an order requiring the administrators to appear in that Court on a day named to show cause "why the Court should not proceed to enforce the" collection of the inheritance tax according to the second inventory and appraisement. In obedience to that order the administrators appeared and filed

their answer in the Orphans' Court in which they set out the decree of August 29th, 1917, of the Circuit Court, and alleged that the time within which an appeal could be taken from said decree had not expired, and that they had tendered to the "properly constituted collector of collateral inheritance taxes for Washington County" their check for the tax on the properties not included in said cause, and that they were ready and willing to pay the same. After a hearing, at which testimony was produced in support of the answer of the administrators, the Orphans' Court, on the 21st of September, 1917, passed an order requiring the administrators to sell for cash so much of the real estate of P. Hager Wingert as might be necessary to pay the collateral inheritance tax on all the property included in the second inventory and appraisement, amounting to $1,667,89, and the expenses of such sale, and the present appeal is by the administrators from that order "in so far as the same pertains to the six parcels of the real estate standing in the name of Eliza J. Wingert on the land records of Washington County."

At the hearing of this appeal the Attorney-General stated that the State had entered an appeal from the decree referred to of the Circuit Court for Washington County, and requested us not to dispose of this case until that appeal could be heard and decided. With the view of complying with that request, an opinion in the case was not prepared in time to be filed at the beginning of the present term. But as it now appears that the appeal from the decree of the Circuit Court is No. 55 on the docket of this term, and probably will not be reached before the expiration of the time within which this appeal should be decided, the filing of an opinion will not be further delayed.

In its opinion in this case, the Orphans' Court reviewed the evidence produced at the hearing, and the testimony offered in the Circuit Court for Washington County upon which the decree of that Court was passed, and held that it did not appear that a writ of injunction had been served on

the administrators; that Eliza J. Wingert did not hold the six parcels of real estate standing in her name in trust for the brothers and sisters of P. Hager Wingert; that the decree of August 29th, 1917, of the Circuit Court "was improvidently passed," and that the administrators had failed to show sufficient cause "why this Court should not proceed to enforce the payment" of the tax of $1,667.89.

In reference to the views expressed by the lower Court, it would seem only necessary to say that the record shows that the administrators had knowledge of the terms of the decree of the Circuit Court and were therefore bound to obey it; that the Orphans' Court was without authority to review or reverse the decree of the Circuit Court, and that while that decree remained in force the Orphans' Court had no authority to compel the administrators to proceed to collect the tax in defiance of its mandate.

It is said in 22 *Cyc.* 1013: "Where, however, a party has actual notice of an injunction, clearly informing him from what he must abstain, he is bound by the injunction from that time, and will be punished for a violation thereof, although it may not have been served or be defectively served on him. And where an injunction has been ordered, a party having knowledge of that order, who deliberately violates the injunction that has been ordered, although not yet issued, is guilty of contempt of Court," and in 14 *R. C. L.* 471, it is said: "Although it is true that, regularly an injunction should be actually served on the defendant as the most certain and sure way of notifying him of its contents, yet this is not absolutely essential, for, if he is otherwise informed of its issuance, he may be bound thereby as if it had been actually served and he may be punished for violation of its provisions. * * * So a party is held to be bound by an injunction from the time he has notice of its issuance, or, if there is no unnecessary delay in issuing it, from the time the order granting it is made, as, otherwise, an unscrupulous person might elude the justice of the Court, in many cases,

by doing the very thing enjoined, or intended to be enjoined, in anticipation of the service of the writ."

The Orphans' Courts of this State are not authorized by statute to review orders or decrees of the Circuit Courts, and in *Blumenthal* v. *Moitz,* 76 Md. 564, this Court said: "The Orphans' Courts of this State are not only limited, but expressly prohibited, by statute, from exercising powers not specially granted them." In the case of *Williamson* v. *Carnan,* 1 G. & J. 184, CHANCELLOR BLAND said: "The principle, that an injunction once granted, continues in full force until dissolved by the Court by which it has been awarded, is so entirely obvious, and so necessary to preserve harmony among the several branches of the government; and to prevent any one tribunal from being brought into collision with the Legislature, or any other Court of justice which may have the power to exercise authority upon the subject to which the injunction relates, that I had supposed it never had been, or would be questioned by anyone. * * * For, an order of this Court, as prayed, that the road should be suffered to remain closed, and that the defendant should be discharged from the attachment, most manifestly, could stand upon no other foundation than the complete affirmance of the proceedings of the levy Court, and an entire disregard of all the previous proceedings of this Court. I never before heard of such an indirect mode of obtaining a virtual dissolution of an injunction, by bringing to bear upon it a judicial decision of another, and totally different tribunal, not exercising, or having any appellate jurisdiction over the Court, whence the injunction issued. An injunction, emanating from a competent authority, is a command of the law; and the citizen is, as I have always understood, bound to yield implicit obedience, until the restriction has been removed by the authority which imposed it." It is said in 22 *Cyc.* 1009: "Where the Court had jurisdiction, the fact that an order or injunction is merely erroneous, or was improperly granted or irregularly obtained, is no excuse for violating it, the

remedy in such a case being by appeal or writ of error from the order or decree," and in *High on Injunctions* (4th Ed.), sec. 1439, the learned author says: "Defendants who are enjoined from doing a particular act will not be permitted under authority from another tribunal or body to do the act in question, pending such injunction, and will be guilty of contempt of Court if they thus violate the injunction, it being their clear duty to obey it until it is dissolved by the same authority by which it was granted."

Apart from the question whether the six parcels of real estate that stood in the name of Eliza J. Wingert are subject to the collateral inheritance tax, and the further question as to the jurisdiction of the Orphans' Court to pass upon the title to said real estate, the order appealed from required the administrators to proceed to collect the tax on said parcels in violation of the decree of the Circuit Court, and was therefore improperly passed.

> *Order reversed and case remanded, the costs to be paid out of the estate of P. Hager Wingert, deceased.*