ETHEL M. NOEL, ADMINISTRATRIX, *v.* MARY J. NOEL
[No. 18, October Term, 1937.]

*Decided November 11th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Walter H. Buck* and *Eldridge Hood Young,* with whom were *R. Contee Rose* and *Young & Crothers* on the brief, for the appellant.

*William Milnes Maloy,* with whom was *George Moore Brady* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

On the death of Jacob S. Noel intestate, with his wife, mother, and brother and sister surviving him, the Orphans' Court of Baltimore City, on January 27th, 1936, appointed his surviving wife, Ethel M. Noel, his sole administratrix. On August 19th, 1936, the mother, Mary J. Noel, filed a petition for the revocation of the letters of administration granted to the surviving wife. The other relief prayed is that the administratrix be compelled to account for certain personal property which she is accused of concealing or having in her hands and omitting to return in an inventory of the estate of her intestate. In this petition the next of kin of the intestate are stated, and it is alleged that the widow and mother are the distributees in equal moieties of the personalty. The petition alleges that the administratrix estimated the probable value of the personal estate to be $1,000, and that she had given bond in that amount, qualified, and had proceeded with the administration of the estate, but had not filed an inventory. It appeared from the petition that the intestate had rented a safe deposit box which on January 31st, 1921, he had transferred from his own name to "Jacob S. Noel, Mary J. Noel and Maud Noel Welsh, access to either, to the survivor or survivors, any one of the tenants to have the right to exchange or surrender the same." Maud Noel Welsh was the sister and Mary J. Noel the mother of the intestate. In this box, at the time of the death of Jacob S. Noel, were unregistered bonds ($8,205) ; cash ($7,095.50) and stocks in the name of Jacob S. Noel ($14,118.20), of the estimated value of $31,418.70.

In another safe deposit box held in the joint names of Jacob S. Noel and Ethel M. Noel there were other valuable stocks ($10,800) and a check for $3,362.85. The cash and securities in both boxes are claimed by the wife as her several property, while the mother and sister of the intestate assert that a valuable portion is their property and the residue is a part of the estate of the intestate.

The petition further charges that the intestate was

in the business of dyeing, cleaning, and pressing in Baltimore, and that his widow has continued the business, and has used a motor truck and automobile of the intestate for her own personal purposes, and has claimed these vehicles and a diamond ring of the intestate and other personal effects, but of all these she has made no return to the Orphans' Court as part of her intestate's assets.

The petition sets forth in detail negotiations between the parties for a settlement of their conflicting claims; the failure of these efforts because of the assertion by the wife of her absolute ownership of all the property involved; and her contention that the intestate had no property at death except some of trifling value.

The petitioner further avers the administratrix to be incompetent and neglectful of her duty; and specifically charges (1) that she has omitted to return in an inventory of assets stocks in the name of Jacob S. Noel, cash and unregistered bonds of the estate in the value of $31,418.70; (2) that she has failed to return in an inventory stocks in the name of Jacob S. Noel of the value of $637.50; two motor vehicles, cash, stock, fixtures, and other assets of the dyeing, cleaning, and pressing business of Jacob S. Noel; and (3) that she has concealed and omitted to return 900 shares of stock of the Noxzema Chemical Company. For these acts the court is asked to compel the administratrix to answer under oath the charges that she has concealed, or has in her hands and has omitted to return in an inventory, the above mentioned parts of the estate of the intestate.

In addition, the petition prays the revocation of the letters of administration granted, on the ground that since the death of the intestate she had converted to her own use certain stock of the value of $10,200, which was properly an asset of her intestate.

A further ground of removal urged is the institution by the said surviving wife in her personal capacity of a suit in equity on August 7th, 1936, wherein the mother and sister of the intestate are the parties defendant along

with the nominal parties, the two depositaries where the safe deposit boxes are kept. The object of this suit was to have the complainant declared the owner in severalty of substantially all of the personalty mentioned in the petition. The fact that the wife was not a party to these proceedings in her representative capacity as administratrix was assigned, in connection with her assertion of ownership, as a wrongful neglect and violation of her obligations as administratrix.

On the filing of this petition the Orphans' Court passed an order requiring the administratrix to answer, and then followed certain dilatory proceedings, which produced an order of March 22nd requiring the administratrix to answer within fifteen days. Meanwhile, the bill of complaint in equity had been amended by the administratrix being made a party plaintiff, and the defendants had demurred to the bill of complaint as so amended. On April 13th, 1937, the administratrix presented a petition wherein she stated that the chancellor had heard and overruled the demurrer to the bill of complaint as amended, and had held that equity had jurisdiction of the controversy over the ownership of the property to which the surviving wife claimed title in severalty. Pending the determination of this question by the court in equity, the petition prayed for a stay of the proceedings in the Orphans' Court. On a refusal of the stay the administratrix has appealed.

The gravamen of the petition of the mother, upon which the petitioner based her prayer for relief, is the charge that the administratrix had concealed or had in her hands and had omitted to return in an inventory valuable securities and other personalty of her intestate. If this accusation had been determinative of the problem, the Orphans' Court would have had jurisdiction to proceed and to determine, by virtue of the provisions of section 253 of article 93 of the Code, the issue of concealment of property of the intestate by the administratrix or her failure to account for personalty of the intestate in her hands. *Linthicum v. Polk,* 93 Md. 84,

90-94, 48 A. 842; *Fowler v. Brady,* 110 Md. 204, 208, 73 A. 15; *Fulford v. Fulford,* 153 Md. 81, 88, 137 A. 487. However, the actual problem was not so limited, as is shown by the opinion of this court in the companion appeal of Mary J. Noel and Maud Noel Welsh v. Ethel M. Noel, in her individual capacity and as administratrix of Jacob S. Noel, *post,* p. 152, 195 A. 315. Equity jurisdiction was sustained on that appeal because the jurisdiction of the Orphans' Court was inadequate and incomplete and did not include, as did the court of equity, the power of the determination of questions of partnership, of the creation of express and implied trusts and their associated relations of fiduciary and beneficiary, and the determination of title to personalty between conflicting claims on behalf of the estate of the intestate on the one hand, and the mother and sister of the intestate, on the other. In consequence of its more extensive jurisdiction, and of its superiority of remedy and relief, equity had paramount authority, and will retain its jurisdiction for such relief as may be necessary, and, while so exercising this jurisdiction, further proceedings on the pending proceedings in the Orphans' Court should be stayed. See *Wingert v. State,* 132 Md. 243, 246-248, 103 A. 437.

The order of the Orphans' Court refusing the stay must be reversed.

> *Order of 13th of April, 1937, reversed, and cause remanded, with costs on this appeal to the appellant.*